IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALLEN WARD, | § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 6:17-cv-105-JDK-KNM |
| T.H. CHOATE, et al., | § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Allen Ward, formerly incarcerated in the Anderson County jail, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff brings claims of deliberate indifference against Defendants T.H. Choate and Elizabeth Ramos (formerly Carmichael), uniformed employees of the Anderson County Jail, and a *Monell* claim against Anderson County through Sheriff Greg Taylor.[1] The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Before the Court is Defendants' motion for summary judgment, which presents four issues: (1) whether the statute of limitations bars Plaintiff's claims; (2) whether Defendants Choate and Carmichael treated Plaintiff's medical needs with deliberate indifference; (3) whether Defendants Choate and Carmichael are entitled to qualified

---

[1] Plaintiff also asserted claims against Defendant Troy Black, the chief deputy at Anderson County Jail. Those claims have been dismissed. Docket Nos. 62, 67.

1

immunity; and (4) whether Anderson County has a policy, custom, or practice that caused Plaintiff's medical needs to be treated with deliberate indifference.[2] Docket No. 60. Judge Mitchell issued a Report and Recommendation recommending that the Court grant the motion for summary judgment because the statute of limitations bars Plaintiff's claims. Docket No. 77. Plaintiff objected and Defendants responded. Docket Nos. 80, 81. Because the Report and Recommendation addresses only the statute of limitations, that is the only issue presently before the undersigned. For the reasons explained below, the Court **ADOPTS** Judge Mitchell's Report and Recommendation, **OVERRULES** Plaintiff's objections, and **GRANTS** Defendants' motion for summary judgment.

## A. Background

Plaintiff was arrested and booked into the Anderson County Jail on August 4, 2010. During the booking process, Plaintiff notified jail personnel that he had a tumor in his neck and that he was scheduled to see a doctor on the day he was arrested and incarcerated. No medical intervention was sought by jail personnel at the time of booking.

Plaintiff states that he told jail personnel, including Defendant T.H. Choate, of medical problems related to his tumor in his first two weeks at the jail, but nothing was done. Docket No. 68, Ex. 1 at 7:11–24. The first record of any formal medical request from Plaintiff was on August 10, 2011—over a year after he was arrested—when Plaintiff complained of an earache. Docket No. 68 at 6. Following several other

---

[2] Defendants filed a second motion seeking summary judgment based on Plaintiff's failure to exhaust administrative remedies. Docket No. 59. That motion is not addressed in this Order.

medical requests submitted between August and December 2011, Plaintiff was referred to an ENT specialist in January 2012 due to a large "tonsillar mass." *Id.*

On February 8, 2012, Plaintiff's tumor was diagnosed as cancer. *Id.* at 7. Over the next several months, Plaintiff was treated with chemotherapy, radiation, and surgery. *Id.* Plaintiff was transported to medical appointments, on a daily basis at some points, to receive chemotherapy and radiation treatment. Docket No. 60 at 9. During the later stages of his treatment and during recovery, Anderson County Jail provided Plaintiff with a private room in the jail and hired nurses to provide continuous medical care. *Id.* These treatments proved effective, and Plaintiff's cancer went into remission. Docket No. 68 at 8.

However, the extensive cancer treatments took their toll on Plaintiff's physical health and abilities, and Plaintiff continued to receive medical treatment to aid his recovery from 2013 through 2016. *Id.* On December 21, 2016, Plaintiff was seen by Dr. Russell Kahmke, a specialist at Duke University Hospital, due to ongoing difficulties with swallowing. *Id.* at 8–9. At that appointment, Dr. Kahmke determined that performing a total laryngectomy—a complete removal of the voice box—was a possible solution that would allow him to swallow food normally. Docket No. 68, Ex. 17 at 8; Docket No. 68, Ex. 29 at 29:19–30:3. While the laryngectomy would potentially allow Plaintiff to eat food by mouth, it would also cause him to permanently lose his voice and sense of smell. Docket No. 68 at 1. Plaintiff alleges that at this appointment he "learned for the first time that he would have to decide

3

whether he wanted to take his food by a feeding tube for the rest of his life and be able to speak, or be able to eat but lose the ability to speak." Docket No. 46 ¶ 26.

Plaintiff filed this suit in February 2017.

### B. Applicable Law

The Supreme Court has held that claims arising under § 1983 must be brought within the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)). In Texas, the general limitations period for personal injury claims is two years. Tex. Civ. Prac. & Rem. Code § 16.003(a). Accordingly, Plaintiff's claim must have accrued in February 2015 or later for his claims to be within the statute of limitations.

Federal law determines when a § 1983 claim accrues. *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir. 1993). A claim accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trustees,* 968 F.2d 489, 493 (5th Cir. 1992)). Awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. *Id.* A plaintiff need not know that he has a legal cause of action for the claim to accrue; rather, he only needs to know the facts that would ultimately support a claim. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015). Further, "'awareness' for accrual purposes does *not* mean actual knowledge; rather, all that must be shown is the existence of circumstances that would lead a reasonable person to investigate further." *Id.* (quoting *Piotrowski*, 237 F.3d at 576).

4

## C. Discussion

Judge Mitchell's Report and Recommendation found that Plaintiff's § 1983 claims are barred by the statute of limitations because Plaintiff knew of the facts giving rise to his claims—that he had a tumor that required medical attention and that Defendants intentionally ignored his need for medical care for an extended period of time—in 2010 and 2011. Docket No. 77 at 20. Plaintiff objects, arguing that the Report and Recommendation misconstrues Plaintiff's alleged injury. Docket No. 80 at 3. Plaintiff asserts that the injury supporting his claims is not the delayed medical treatment from 2010 to 2012, but rather, the permanent loss of the ability to eat. *Id.* at 3–4. And Plaintiff alleges that he was not aware that he had permanently lost the ability to eat normally until December 2016, when he visited Dr. Kahmke and was presented with the option of the total laryngectomy. *Id.*

The Court disagrees with Plaintiff's characterization of his injury and its timing for accrual purposes. "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (quoting 1 C. CORMAN, LIMITATION OF ACTIONS § 7.4.1, pp. 526–527 (1991)); *see also Rafter v. Tex. Dep't of Criminal Justice*, No. H-11-0691, 2012 WL 3314905, at *7 (S.D. Tex. Aug. 13, 2012) ("Generally, under both federal and Texas law, a cause of action accrues when a plaintiff suffers an injury; the plaintiff cannot wait until she knows the full extent or the consequences of the injury before filing."); *Darby v. Dall. Cnty. Sheriff*, No. 3:06-cv-1928, 2007 WL 2428582, at *3 (N.D. Tex.

5

Aug. 24, 2007) (limitations period began to accrue when plaintiff was aware of his injury, even though he "may not have been aware of the full extent of his injury"). Here, Plaintiff was aware of his injury—even if he did not understand the full extent of those injuries—well before his December 2016 visit to Dr. Kahmke.

As the Report and Recommendation explains, Plaintiff knew he had a tumor that was causing medical problems before he was booked into the Anderson County Jail. Docket No. 77 at 18. He was aware of Defendants' inaction as to his medical needs from his booking in 2010 until he was finally diagnosed with cancer in February 2012. Docket No. 46 ¶¶ 11–22. Construing his injury as the severe aggravation of his cancer due to the alleged medical neglect at Anderson County Jail, Plaintiff was aware of this injury by February 2012. Docket No. 68, Ex. 1 at 81:10–14 ("The damage to my neck was caused because I started with a small cancer, and for 17 months it grew inside my mouth until the point that the damage was—it had spread and it was so severe."); *id.* at 24:25–27:3 (Plaintiff testifying about how the cancer spread from his tonsil to his tongue, larynx, and lymph nodes by February 2012).

Even if the injury is the inability to eat and swallow normally, that injury was also present well before Plaintiff's December 2016 visit to Dr. Kahmke. Plaintiff was informed about the need for a feeding tube as early as February 2012. Docket No. 60, Ex. 1 at Bates 0225–0227 ("Side effect and complications were addressed as well as the necessity for a PEG[3] for nutrition."). At a medical visit in June 2014, Plaintiff

---

[3] A "PEG" tube is a percutaneous endoscopic gastrostomy tube, used to provide nutrition when oral intake is not possible. *See Percutaneous endoscopic gastrostomy*, Wikipedia, https://en.wikipedia.org/wiki/Percutaneous_endoscopic_gastrostomy (last edited Oct. 19, 2020).

6

complained of having difficulty with oral intake since February 2012, not being able to swallow solid foods, and using a tube for most of his nutrition.  Docket No. 60, Ex. 4.  Plaintiff also testified about his problems eating and swallowing and stated, "I haven't had anything to eat in a proper manner since June of 2012."  Docket No. 60, Ex. 7 at 52:7–53:2.  While Plaintiff may not have fully understood the extent of the damage to his throat—that he would permanently require a feeding tube—there is no genuine factual dispute that he knew that the damage to his throat would negatively affect his ability to eat and swallow as early as 2012.

Plaintiff's knowledge that he would permanently be unable to eat food or drink orally without a laryngectomy was not a new injury.  Rather, that December 2016 visit was only a revelation of the full extent of the injury that had existed since 2012—the severe damage to his throat from the cancer treatments.

### D. Conclusion

Because Plaintiff was aware of his injury and the cause of that injury more than two years before filing suit, his claims are barred by the statute of limitations. Having conducted a de novo review of the record in this case, the Court has determined that the Magistrate Judge's Report and Recommendation is correct. Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 77) and **GRANTS** Defendants' motion for summary judgment (Docket No. 60).  All pending claims in this matter are hereby **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.  All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **24th** day of **November, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE